# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CONTINENTAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | Amount Claimed: $128,635.98, plus |
| AGN CORPORATE, INC., and | ) | prejudgment interest, attorneys' fees |
| ALEKSANDAR PEROVIC, | ) | and costs |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT

NOW COMES Plaintiff CONTINENTAL BANK, by and through counsel, and for its Verified Complaint against Defendants AGN CORPORATE, INC. ("AGN") and ALEKSANDAR PEROVIC ("PEROVIC") (collectively, the "Defendants"), states as follows:

## PARTIES

1. Continental Bank is a state bank chartered under the laws of the State of Utah and maintains its principal place of business at 15 West South Temple, Suite 300, Salt Lake City, Utah 84101.

2. Defendant AGN is an Illinois corporation with its principal place of business located at 2003 S Meyers Rd # 416, Oakbrook Terrace, Illinois 60181.

3. Defendant Perovic is a citizen of the State of Illinois who resides at 1927 Oxley Cir, Naperville, IL 60563.

1

## JURISDICTION AND VENUE

4. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to Continental Bank's claims occurred in this judicial district, and because the Defendants reside and/or conduct business in this judicial district.

## BACKGROUND

6. On June 21, 2022, Continental Bank, as a secured party, and AGN, as customer, entered into Equipment Finance Agreement No. xxx470 (the "Agreement"), under which Continental Bank agreed to finance the purchase of the following equipment for AGN: one (1) 2021 Great Dane Dry Van Trailer VIN: 1GR1A0623MK224826; and one (1) 2020 Wabash Dry Van Trailer, VIN: 1JJV532DXLL166237 (the "Equipment"). A true and correct copy of the Agreement and Amendment to Equipment Finance and Security Agreement is attached hereto as Group Exhibit 1.

7. Pursuant to the Agreement, AGN agreed to make sixty (60) consecutive monthly payments of $3,108.38 each, plus taxes. *See* Group Exhibit 1.

8. To induce Continental Bank to enter into the Agreement, Perovic guaranteed the obligations of AGN under the Agreement pursuant to a Guaranty (the "Guaranty"). A true and correct copy of the Guaranty is located on the face of the Agreement attached to Group Exhibit 1, pp. 7-9.

9. AGN granted Continental Bank a first priority security interest in the Equipment. *See* Group Exhibit 1, ¶ 4.

10. Continental Bank's lien on the Equipment is reflected on the Certificates of Title for the Equipment. True and correct copies of the Certificates of Title for the Equipment are attached hereto as Group Exhibit 2.

11. AGN failed to make timely payments under the Agreement.

12. Perovic failed to make timely payments under the Guaranty.

13. Failure to make timely payments is an Event of Default under the Agreement and the Guaranty. *See* Group Exhibit 1, ¶ 14.

14. Upon the occurrence of an Event of Default, Continental Bank is entitled to seek the amount of all accrued unpaid payments and other amounts payable under the Agreement, plus the amount of all unpaid payments for the remaining term of the Agreement, discounted to present value at a rate of 4% per annum, late fees, return of the Equipment, attorneys' fees and costs, and all other relief provided under the Agreement. *See* Exhibit 1, ¶¶ 3 and 15.

15. Continental Bank is further entitled to seek prejudgment interest at the rate of twenty-one percent (21%) per annum. *See* Exhibit 1, ¶ 15.

16. The total remaining balance due to Continental Bank under the Agreement and the Guaranty is $128,635.98, plus prejudgment interest and attorneys' fees and costs.

17. Continental Bank demanded payment and return of the Equipment from the Defendants pursuant to the Agreement and the Guaranty, but the Defendants have failed or refused to make payment or return the Equipment. A true and correct copy of Continental Bank's August 22, 2024 Demand Letter to the Defendants is attached hereto as Exhibit 3.

18. The Equipment, one (1) 2021 Great Dane Dry Van Trailer VIN: 1GR1A0623MK224826 and one (1) 2020 Wabash Dry Van Trailer, VIN: 1JJV532DXLL166237, is in possession of AGN as of the filing of this Verified Complaint.

19. Continental Bank estimates the combined fair market value of the Equipment is $44,542.00, depending on condition and mode of sale.

20. Once Continental Bank obtains and sells the Equipment, the net proceeds from the sale of the Equipment will be credited towards the amount owed by the Defendants under the Agreement and Guaranty.

21. Continental Bank has fulfilled its obligations under the Agreement and Guaranty.

## COUNT I – BREACH OF CONTRACT AGAINST DEFENDANT AGN CORPORATE, INC.

22. Continental Bank re-alleges and re-asserts Paragraphs 1 through 21 of its Verified Complaint as though fully set forth herein.

23. AGN defaulted under the Agreement by failing to make payments when due.

24. Because of AGN's default under the Agreement, it is indebted to Continental Bank in the amount of $128,635.98, plus prejudgment interest at the rate of twenty-one percent (21%) per annum and attorney's fees and costs.

WHEREFORE, Plaintiff CONTINENTAL BANK respectfully requests that the Court enter judgment in its favor and against Defendant AGN CORPORATE, INC. in the amount of $128,635.98, plus prejudgment interest at the rate of twenty-one percent (21%) per annum and attorney's fees and costs, as well as all other such relief which this Court deems just.

## COUNT II – BREACH OF GUARANTY
## AGAINST DEFENDANT ALEKSANDAR PEROVIC

25. Continental Bank re-alleges and re-asserts Paragraphs 1 through 24 of its Verified Complaint as though fully set forth herein.

26. Perovic defaulted under the Guaranty by failing or refusing to make payments when due.

27. Because of Perovic's default under the Guaranty, Perovic is indebted to Continental Bank in the amount of $128,635.98, plus prejudgment interest at the rate of twenty-one percent (21%) per annum and attorney's fees and costs.

WHEREFORE, Plaintiff CONTINENTAL BANK respectfully requests that the Court enter judgment in its favor and against Defendant ALEKSANDAR PEROVIC in the amount of $128,635.98, plus prejudgment interest at the rate of twenty-one percent (21%) per annum and attorney's fees and costs, as well as all other such relief which this Court deems just.

## COUNT III – REPLEVIN
## AGAINST DEFENDANT AGN CORPORATE, INC.

28. Continental Bank re-alleges and re-asserts Paragraphs 1 through 27 of its Verified Complaint as though fully set forth herein.

29. This claim is brought pursuant to 735 ILCS § 5/19-101, *et seq.*, made applicable to this proceeding pursuant to 28 U.S.C. § 1652.

30. Continental Bank perfected its security interest in the Equipment, which is reflected on the Equipment's Certificates of Title. *See* Group Exhibit 2.

31. Due to AGN's default under the Agreement, Continental Bank is entitled to the possession of the Equipment, specifically: one (1) 2021 Great Dane Dry Van Trailer VIN:

1GR1A0623MK224826; and one (1) 2020 Wabash Dry Van Trailer, VIN: 1JJV532DXLL166237.

32. Continental Bank has been unable to secure the Equipment by peaceful means.

33. AGN is wrongfully and unlawfully detaining the Equipment.

34. Continental Bank has demanded the return of the Equipment from AGN, but AGN failed or refused to return the same. *See* Exhibit 3.

35. Continental Bank will suffer irreparable damages if the Equipment is not returned to Continental Bank, because the Defendants have not been able to pay the amounts they owe, such that Continental Bank's only recovery may be from a sale of the Equipment.

36. The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of Continental Bank, nor seized under any lawful process against the goods and chattels of Continental Bank subject to such lawful process, nor held by virtue of any order for replevin against Continental Bank.

37. Upon information and belief, the Equipment is located at 2003 S Meyers Rd # 416, Oakbrook Terrace, Illinois 60181.

38. Continental Bank estimates that the fair market value of the Equipment is $44,542.00, depending on condition.

WHEREFORE, Plaintiff CONTINENTAL BANK respectfully requests that this Court enter an Order directing the United States Marshals Service, or any other designated officer, to use all necessary force, including the force necessary to break locks, to repossess the Equipment or any portion thereof, from AGN CORPORATE, INC., located at 2003 S Meyers Rd # 416, Oakbrook Terrace, Illinois 60181 or wherever it may be found, and enter a judgment against

AGN CORPORATE, INC. for the value of the Equipment not so returned, plus attorney's fees and costs, as well as all other and further relief which this Court deems just.

## COUNT IV - DETINUE
## AGAINST DEFENDANT AGN CORPORATE, INC.

39. Continental Bank re-alleges and re-asserts Paragraphs 1 through 38 of its Verified Complaint as though fully set forth herein.

40. Due to AGN's default under the Agreement, Continental Bank is entitled to the return of and the exclusive possession of the Equipment, specifically: one (1) 2021 Great Dane Dry Van Trailer VIN: 1GR1A0623MK224826; and one (1) 2020 Wabash Dry Van Trailer, VIN: 1JJV532DXLL166237.

41. The Equipment is in AGN's possession.

42. AGN is wrongfully and unlawfully detaining the Equipment from Continental Bank, because AGN has defaulted under the terms of the Agreement by failing to make timely payments when due. Under the terms of the Agreement, AGN is required to surrender the Equipment to Continental Bank.

43. Continental Bank's right to possession of the Equipment is superior to the rights of AGN.

44. Continental Bank is entitled to an order directing AGN to turn over the Equipment within ten (10) calendar days, or such other reasonable time period as the Court may determine.

WHEREFORE, Plaintiff CONTINENTAL BANK respectfully requests that this Court enter an order compelling AGN CORPORATE, INC. to return the Equipment to

CONTINENTAL BANK by delivering same to its agent (to be designated by Continental Bank) within ten (10) days of this Court's entry of judgment and/or a turnover order.

                        CONTINENTAL BANK,

By: /s/ Vladyslav Yuriyovych Bilyy
     Debra Devassy Babu (ARDC #06282743)
     Vladyslav Yuriyovych Bilyy (BAR #1122135)
     Darcy & Devassy PC
     444 N. Michigan Avenue, Suite 3270
     Chicago, IL 60611
     (312)784-2400 (t)
     (312)784-2410 (f)
     ddevassy@darcydevassy.com
     vbilyy@darcydevassy.com

## **VERIFICATION**

      Under penalties as provided by law, the undersigned certifies that the statements set forth in the Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certified as aforesaid that he verily believes the same to be true.

_____                                                  25 Sept 2024
Matthew McBride                                                                Date
Asset Manager
Continental Bank